UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY L. WILSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-580-FHM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| DEFENDANT. | ) |

### ORDER

Plaintiff, Sherry L. Wilson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's May 20, 2003 (protective filing date) application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 23, 2005. By decision dated May 13, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on August 24, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born November 19, 1942, and was 62 years old at the time of the hearing. [R. 51, 295]. She claims to have been unable to work since February 15, 2001, due to auto immune disease, rheumatoid arthritis and high blood pressure. [R. 51, 61, 296]. The ALJ determined that Plaintiff has severe impairments consisting of hypertension, osteoporosis and obesity as well as a history of rheumatoid arthritis and hepatitis [R. 15] but that she retains the residual functional capacity (RFC) to perform light work with occasional ability to stoop. [R.18]. Based upon the testimony of a vocational expert (VE) he determined that with her RFC, Plaintiff could return to her past relevant work (PRW) as a fishing reels assembler, machine operator, small motors assembler and dining room server. [R. 18]. He found, therefore, that Plaintiff was not disabled as defined by the Social Security Act. [R. 19]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff asserts the ALJ failed: 1) to perform a proper determination at step

3 of the sequential evaluation process; 2) to properly consider the opinions of the treating physician; 3) to perform a proper credibility determination; and 4) to perform a proper determination at step 4 of the sequential evaluation process. [Plaintiff's Brief, p. 1-2].  The Court agrees with Plaintiff's first allegation of error, that the ALJ did not perform a proper step 3 evaluation, and reverses and remands the case on that basis.

### Step 3 Findings

At step three of the sequential analysis, the ALJ determines whether a claimant's impairment "is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987);  20 C.F.R. Pt. 404, Subpt.  P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  In evaluating whether a claimant meets or equals the criteria for a listed impairment, the ALJ is required to compare the symptoms, signs, and laboratory findings regarding a claimant's impairments, as shown in the medical evidence associated with the claim, with the medical criteria shown with the listed impairment. 20 C.F.R. §§ 404.1526(a), 416.926(a).  When making the determination whether a particular condition meets the requirements of a listed impairment, the ALJ is required at step three to discuss the evidence and explain why he/she found that the claimant was not disabled. *Clifton v. Chater,* 79 F.3d 1007, 1009-1010 (10th Cir.1996); 20 C.F.R. §§ 404.1526, 416.926.

In his decision, the ALJ identified Listings 4.03, 5.05 and 14.09 as those he considered during his step 3 determination.  However, the ALJ failed to discuss what factors he considered concerning the listings he identified as relevant in his decision.  The

only explanation offered by the ALJ for his step 3 findings was: "the requirements set out in the aforementioned provisions are not met in this matter." [R. 15].

At step 2, the ALJ had determined Plaintiff has a severe impairment of hypertension and the record supports this finding. [R. 151, 179, 181, 183, 185, 188, 190]. A listing the ALJ stated he considered at step 3 was Listing 4.03, *Hypertensive cardiovascular disease*, which requires evaluation under Listing 4.02, *Chronic heart failure*, or 4.04, *Ischemic heart disease*. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Plaintiff mistakenly contends the ALJ reviewed Listing 4.05, *Recurrent arrhythmias*. Defendant apparently also assumes the ALJ applied the criteria of Listing 4.05, responding that nothing in the medical record establishes that Plaintiff meets the criteria of that listing. Like the parties, the Court is unable to determine which listing the ALJ applied in evaluating the severity of Plaintiff's hypertension because the ALJ did not set out his specific findings or explain his reasons for accepting or rejecting the medical evidence in making that determination. Because the record reflects Plaintiff's heart was noted to be mildly to moderately enlarged on December 17, 2004, and "[d]ocumented cardiac enlargement by appropriate imaging techniques" is a criteria of Listing 4.02, Defendant's contention that Plaintiff has presented no evidence of a heart condition that would demonstrate listing level severity is incorrect. Defendant's argument that the record does not contain the specific test results required to show Plaintiff's impairment met Listing 4.05 is thus without merit.

Likewise, while Defendant admits Plaintiff had hepatitis, her argument that Plaintiff presented no evidence that she fulfilled "the other requirements of this detailed and multi part listing" is mistaken. The criteria for Listing 5.05, *Chronic liver disease*

4

*(e.g., portal, postnecrotic or biliary cirrhosis; chronic active hepatitis; Wilson's disease)* includes evidence of serum bilirubin of 2.5 mg. per deciliter or greater; ascites; hepatic encephalopathy; and confirmation of chronic liver disease by biopsy. Plaintiff's medical records contain documentation of test results and hospitalization records confirming the existence of these symptoms and complications. [R. 104, 198, 228, 253, 264, 268]. Because Plaintiff exhibited at least one of the symptoms associated with the criteria in the listing, the ALJ was required to explain the weight he accorded this medical evidence and his reasons for determining that Plaintiff did not meet the listing. See 20 C.F.R. § 404.1525(f), *Symptoms as criteria of listed impairments(s):* "Generally, when a symptom is one of the criteria in a listed impairment, it is only necessary that the symptom be present in combination with the other criteria.  It is not necessary, unless the listing specifically states otherwise, to provide information about the intensity, persistence or limiting effects of the symptom as long as all other findings required by the specific listing are present."  Counsel for the Commissioner proffers an explanation as to how the record supports the ALJ's determination that Plaintiff's impairments do not meet the listings.  The ALJ, however, failed to indicate the evidence he relied upon in making his step 3 findings and failed to explain how he considered and resolved the evidence in the record that was inconsistent with his determination.  A reviewing court cannot make factual determinations on the ALJ's behalf. *See Rapp v. United States Dep't of Treasury*, 52 F.3d 1510, 1515 (10th Cir.1995) (reviewing court may not compensate for deficiencies in an agency's decision "by supplying a reasoned basis for the agency's action that the agency itself has not given.").

The same is true of counsel's attempt to perform the step 3 analysis the ALJ failed to do with regard to the evidence for Listing 14.09, *Inflammatory arthritis,* and Listing 12.02, *Organic Mental Disorders.* The ALJ's decision is to be evaluated based solely on the reasons stated in the decision. *See Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168-69 (1962) (affirming post hoc effort to salvage ALJ's decision would require overstepping institutional role and usurp essential functions committed in the first instance to the administrative process); *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir. 2004) (district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself).

The Tenth Circuit has held that a *Clifton* error would not require a remand as long as "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review" and "no reasonable factfinder could conclude otherwise" *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). Such is not the case here. There are no other objective findings in the ALJ's sequential step analysis that affirmatively establish that Plaintiff does not meet any of the requirements for the listings he identified as relevant in his decision.

## **Conclusion**

Applying the rules set forth in *Clifton,* the Court concludes that remand is necessary. On remand, the ALJ shall specifically identify the relevant listings he compared to Plaintiff's symptoms, signs, and laboratory findings. After the ALJ identifies the relevant listings, the ALJ shall set out his specific findings and his reasons

for accepting or rejecting the evidence regarding whether Plaintiff's impairments met or equaled those listings.

Because the Court finds the ALJ's error at step 3 is grounds for reversal, Plaintiff's remaining allegations of error are not addressed in this order. In remanding this case, the Court does not dictate the result, nor does it suggest that the record is insufficient. Rather, remand is ordered to assure that a proper analysis is performed and the correct legal standards are invoked in reaching a decision based upon the facts of the case.

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for reconsideration.

SO ORDERED this 24th day of August, 2006.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE